UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| BANK OF AMERICA, N.A., | ) |
| | ) No. 08-CV-5154 |
| Plaintiff, | ) |
| v. | ) Judge Hendren |
| | ) |
| MEAT PRODUCTS INTERNATIONAL, | ) |
| INC. | ) |
| | ) |
| Defendant. | ) |

## AGREED ORDER

THIS MATTER COMING TO BE HEARD upon the status hearing held by the Court on August 18, 2008 with respect to continuing the appointment of Michael J. Eber ("Eber") as Receiver (the "Receiver") of Defendant, Meat Products International, Inc. ("Meat Products"); counsel for Plaintiff, Bank of America, N.A. ("Bank") and Meat Products being present; the Court hearing arguments of counsel; Meat Products and Bank having agreed to the entry of this Agreed Order and this Court otherwise being fully advised in the premises;

**NOW, THEREFORE, IT IS HEREBY ORDERED** as follows:

1. The Motion for the Permanent Appointment of a Receiver (Doc. No. 4) (the "Motion") is GRANTED.

2. The Court appoints Eber, c/o High Ridge Partners, Inc., 140 South Dearborn, Suite 420, Chicago, Illinois 60603 as Receiver of Meat Products.

3. The appointment of Eber as Receiver in this case is subject to the following provisions and conditions:

    a. the Receiver and the receivership which this Court is creating is subject to, and shall be, administered according to Federal Rule of Civil Procedure 66 and 28 U.S.C. § 959;
    b. the Receiver's appointment herein shall be effective *nunc pro tunc* to August 8, 2008;
    c. the Receiver shall provide no bond at this time, but the Court reserves the right to require security;
    d. the Receiver's responsibilities shall run to the Court;
    e. the Receiver shall faithfully and punctually manage the "Collateral" (as

such term is defined in the Motion) and any ancillary business affairs involving the Collateral using standard, customary and prudent business practices;

 f. the Receiver shall be empowered to make day-to-day decisions in the management and operation of the Collateral, to promote the Collateral, and shall have the authority to take such other actions as are necessary, reasonable and prudent to preserve, operate, and manage the Collateral, including but not limited to, the sale of the Collateral within the ordinary course of business;

 g. with respect to the sale of Collateral outside the ordinary course of business, the Receiver shall be authorized to market the Collateral for sale, and to sell same as the Receiver deems appropriate, subject to and conditioned upon the approval of the Court after application to the Court and notice to all parties;

 h. with respect to any dispute regarding whether any property constitutes Collateral that is subject to administration by the Receiver, any party objecting to the Receiver's administration of such property shall make a good faith effort to resolve such dispute with the Receiver; however, if such dispute is not resolved, a party may file a motion with the Court for immediate hearing, subject to and conditioned upon adequate notice to all parties of record and/or their appearing counsel, to appear at such hearing, with respect to such a dispute;

 i. the Receiver shall prepare and file with the Court (and distribute to all parties of record and/or their appearing counsel) a report containing, among other things, an inventory of personal property and assets owned by Meat Products on or before the last day of each month, beginning August 31, 2008 and continuing through and including October 31, 2008 and such report shall be approved without further order of Court provided that no party files an objection on or before the tenth (10th) day of the month following which such report is filed.

 j. while serving as Receiver, the Collateral shall be collected and accounted for;

 k. the Receiver shall have the power to employ attorneys, accountants, and such employees, consultants, and staff as may be reasonably necessary to conduct the duties and business required by the Receiver under this Order;

 l. the wages, costs, expenses and fees incurred by the Receiver shall be paid as an expense from the assets managed and collected by the Receiver (and such wages, costs, expenses and fees shall be subject to approval by this Court); and

 m. for good cause shown, the Receiver may be removed at any time by Order of this Court.

 4. The Meat Products International Weekly Cash Flow Forecast prepared by the Receiver, filed with the Court on August 12, 2008 (Doc. No. 19) and attached hereto as Exhibit "A" is approved.

IT IS SO ORDERED this _22_ day of August, 2008.

_____
United States District Court Judge

U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

AUG 2 2 2008

CHRIS R. JOHNSON, CLERK
BY
   DEPUTY CLERK

AGREED THIS 22nd day of August, 2008

MEAT PRODUCTS INTERNATIONAL, INC.    BANK OF AMERICA, N.A.
By:   /s/ Ronald L. Boyer            By:   /s/ Stanley F. Orszula
      One of its Attorneys                 One of its Attorneys


John C. Everett, Esq.
EVERETT & WALES
1944 East Joyce Blvd.
PO Box 8370
Fayetteville, AR 72703
Telephone: (479) 443-0292
Facsimile: (479) 443-0564- and – Ronald L. Boyer, Esq.
BOYER, SCHRANTZ, RHOADS & TEAGUE
221 N. Third St.
Rogers, AR 72756
Telephone: (479) 636-2500
Facsimile: (479) 636-2443

Michael L. Molinaro, Esq. (ARDC# 6183221)Stanley F. Orszula, Esq. (ARDC #6257162)John F. Hiltz, Esq. (ARDC #6289744)LOEB & LOEB LLP321 North Clark Street, Suite 2300Chicago, IL 60654Telephone: (312) 464-3100 Facsimile: (312) 464-3111- and -J. Leslie Evitts, III J. Gregory MagnessHARDIN, JESSON & TERRY PLCArvest Bank BuildingSuite 5005000 Rogers AvenuePO Box 10127Fort Smith, AR 72917-0127Telephone: (479) 452-2200Facsimile: (479) 452-9097


Signed copy of document bearing signatures of above attorneys is being maintained in the office of Hardin, Jesson & Terry, PLC